UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TIMOTHY MCABEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 1:06-CV-15 |
| | ) | |
| STATE OF INDIANA, | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CORRECTION, INDIANA | ) | |
| STATE PRISON, UNKNOWN | ) | |
| HEALTH CARE PROVIDERS, and | ) | |
| PRISON HEALTH SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF DECISION AND ORDER**

This matter is before the court on the Motion for Judgment on the Pleadings filed by Defendants State of Indiana, Indiana Department of Correction, and Indiana State Prison ("the State Defendants") on August 14, 2006.  Also before the court is the Motion for Judgment on the Pleadings filed by Defendant Prison Health Services of Indiana, LLC ("Health Services") on August 29, 2006.  Plaintiff Timothy McAbee ("McAbee") did not file a response in opposition to either motion.  Instead, on September 18, 2006, McAbee filed a "Consent to Remand."  For the reasons discussed herein, both motions for judgment on the pleadings are GRANTED and this case is REMANDED to the Jay County Superior Court.

**DISCUSSION**

McAbee originally filed his Complaint in Jay County (Indiana) Superior Court on December 29, 2005.  Docket at 1.  The State Defendants removed the case to this court on January 17, 2006.  Docket at 2.  In his Complaint, McAbee alleges that he suffered personal injuries as a result of the acts and omissions of the Defendants.  Complaint, pp. 1-3.

Specifically, McAbee asserts that he received improper and/or inadequate medical care from the Defendants while he was incarcerated in the Indiana State Prison in Michigan City, Indiana. *Id*. McAbee contends in his Complaint that the alleged acts and omissions of the Defendants violated his Constitutional rights, and brought his Complaint pursuant to 42 U.S.C. § 1983. *Id*., p. 1. McAbee also contends that the alleged acts and omissions of the Defendants constituted negligence and violated "applicable doctrines of state law." *Id*. The State Defendants filed an Answer to McAbee's Complaint on January 17, 2006, denying the allegations and asserting affirmative defenses. Docket at 4. Defendant Health Services filed its Answer and affirmative defenses on February 23, 2006. Docket at 14.[1]

Both motions for judgment on the pleadings raise the same argument. The Defendants state that they are not "persons" for purposes of 42 U.S.C. § 1983, and therefore McAbee's Complaint fails to state any federal claim upon which relief can be granted. Motion for Judgment on the Pleadings ("State Defendants' Motion"), Docket at 28, p. 1; Defendant Prison Health Services of Indiana, LLC's Motion for Judgment on the Pleadings ("Health Services' Motion"), Docket at 30, p. 1. The Defendants are correct. It is well established that neither a State itself nor a State subdivision are considered "persons" for purposes of an action under § 1983 and are not, therefore, amenable to suit under that statute. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Health Services, a private corporation that contracts with the State of Indiana to provide health care services in state prisons, is likewise not a "person" who can be sued pursuant to § 1983. Even if McAbee alleged that a specific employee, agent, or

---

[1] Health Services filed an Amended Answer on March 15, 2006. Docket at 24. This Amended Answer was filed to bring the Answer in compliance with Local Rule 10.1, as directed by Magistrate Judge Cosbey in an Order issued on February 23, 2006. Docket at 15.

representative of Health Services was personally liable for his claimed injuries (which, as his Complaint stands now, he does not), Health Services itself, as a corporate entity, could not be sued because the doctrine of *respondeat superior* does not apply to actions brought pursuant to § 1983.  *Thomas v. Knight*, 2006 WL2457203 *4 (7th Cir. (Ind.)) (unpublished opinion) (citing *Monell v. Dep't of Social Serv's*, 436 U.S. 658, 694 (1978) and *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1995)).  As a result, all of the Defendants argue that they are entitled to judgment in their favor on McAbee's federal claims.  Both the State Defendants and Health Services maintain that McAbee's state law claims should be remanded to the Jay County Superior Court for further proceedings.  *See* State Defendants' Motion, p. 3; Health Services' Motion, p. 2.

As stated above, McAbee did not file a response in opposition to the present motions.  Instead, he filed a pleading he titled a "Consent to Remand."  The body of that pleading states, in its entirety, as follows:

> Comes now Plaintiff, Timothy McAbee, by counsel, and shows the Court that he has no objection to the Court granting the Motion of Defendant, Prison Health Services for Judgment on the Pleadings so long as the state claims are remanded back [sic] to the state court in Jay County, Indiana.

Consent to Remand, Docket at 31.  This Consent makes no mention of the motion for judgment on the pleadings filed by the State Defendants.  The court presumes this was nothing more than a drafting oversight on the part of McAbee's counsel and that the Consent to Remand was intended to function as a response to both motions.  In any event, it makes no difference, since McAbee has not filed any pleading in opposition to either motion.  More importantly, the motions are well taken for the reason stated in them–McAbee states no federal claim against any of the Defendants upon which relief can be granted.

Any state law claims McAbee may have are before this court pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367.  However, since McAbee raises no viable federal claims against any of the Defendants, his state law claims shall be remanded to state court for further proceedings. The statute authorizing a federal district court to exercise supplemental jurisdiction over state law claims also provides for the relinquishment of that jurisdiction. In relevant part, 28 U.S.C. § 1367 states as follows:

> The district courts may decline to exercise supplemental jurisdiction over a claim under [this statute] if . . . the district court has dismissed all claims over which it had original jurisdiction.

28 U.S.C. § 1367(c)(3).  The Jay County Superior Court is the proper and more efficient venue for the resolution of any state law claims McAbee may have against the Defendants.

## CONCLUSION

For the reasons set forth herein, the Motion for Judgment on the Pleadings filed by Defendants State of Indiana, Indiana Department of Correction, and Indiana State Prison is GRANTED; the Motion for Judgment on the Pleadings filed by Defendant Prison Health Services, of Indiana, LLC is GRANTED; and any remaining state law claims in this case are REMANDED to the Jay County Superior Court.

November 6, 2006.

    /s/   William C. Lee
William C. Lee, Judge
United States District Court

4